IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerry DeCarolis, Margaret Fuller, Lola Austin, Bob Dixon, Anna Gobble, Mary Daniel, Eleonore Jasiorkowski, Brenda McLeod, Deborah Saravello, and Roger Langlais, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  09 C 6997 |
| Phillips & Cohen Associates, Ltd., a New Jersey corporation, | ) ) ) | Judge Marovich Magistrate Judge Cox |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**AMENDED COMPLAINT**

Plaintiffs, Jerry DeCarolis, Margaret Fuller, Lola Austin, Bob Dixon, Anna Gobble, Mary Daniel, Eleonore Jasiorkowski, Brenda McLeod, Deborah Saravello, and Roger Langlais, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff Jasiorkowski resides here; b) part of the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Jerry DeCarolis ("DeCarolis"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer credit card debt, which was allegedly owed to a bad debt buyer, "Portfolio Asset Group", despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. The other Plaintiffs are also all clients of the attorneys at LASPD, from whom Defendant attempted to collect various delinquent consumer credit card debts that were then allegedly owed to the same bad debt buyer, Portfolio Asset Group, despite the fact that they were also represented by counsel. Plaintiff, Margaret Fuller ("Fuller"), is a citizen of the State of Michigan; Plaintiff, Lola Austin ("Austin"), is a citizen of the State of Texas; Plaintiff, Bob Dixon ("Dixon"), is a citizen of the State of Florida; Plaintiff, Anna Gobble ("Gobble"), is a citizen of the State of Virginia; Plaintiff, Mary Daniel ("Daniel"), is a citizen of the State of Georgia; Plaintiff Eleonore Jasiorkowski ("Jasiorkowski"), is a citizen of the State of Illinois; Plaintiff Brenda McLeod ("McLeod"), is a citizen of the State of New York; Plaintiff Deborah Saravello ("Saravello") is a citizen of the State of Pennsylvania; and, Plaintiff Roger Langlais ("Langlais"), is a citizen of the State of Missouri

5. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant P&C was acting as a debt collector, as

that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

6.　　From Defendant P&C's offices in New Jersey, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

7.　　Moreover, Defendant P&C is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

8.　　Defendant P&C is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

**Mr. Jerry DeCarolis**

9.　　Mr. DeCarolis is a senior citizen, with limited assets and income, who fell behind on paying his bills. One such debt he was unable to pay was a debt he owed originally to GEM LOC Fixed Prime. When Defendant P&C began trying to collect this debt from Mr. DeCarolis, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant P&C's collection actions.

10.　　On July 31, 2009, one of Mr. DeCarolis' attorneys at LASPD wrote to Defendant P&C, informing P&C that Mr. DeCarolis was represented by counsel, and directing P&C to cease contacting him, and to cease all further collection activities

because Mr. DeCarolis was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11.　　Nonetheless, Defendant P&C sent a collection letter, dated August 15, 2009, directly to Mr. DeCarolis, demanding payment of the debt at issue. A copy of this letter is attached as Exhibit D.

12.　　Accordingly, on August 31, 2009, Mr. DeCarolis' LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease collection. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Margaret Fuller**

13.　　Ms. Fuller is a senior citizen with limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed originally for an HSBC credit card. When Defendant P&C began trying to collect the HSBC debt from Ms. Fuller, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

14.　　On July 1, 2009, one of Ms. Fuller's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. Fuller was represented by counsel, and directing P&C to cease contacting Ms. Fuller, and to cease all further collection activities because Ms. Fuller was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

15.　　On July 2, 2009, Defendant P&C's debt collector, "Brittney Hutto", called LASPD and confirmed receipt of the July 1, 2009 letter.

4

16. Nonetheless, Defendant P&C sent a collection letter, dated July 3, 2009, directly to Ms. Fuller, demanding payment of the debt at issue. A copy of this letter is attached as Exhibit G.

17. Accordingly, on August 25, 2009, Ms. Fuller's LASPD attorney had to send Defendant P&C another letter, dated August 23, 2009, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

**Ms. Lola Austin**

18. Ms. Austin is a disabled senior citizen with limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed originally for a Chevron credit card. When Defendant P&C began trying to collect the Chevron debt from Ms. Austin, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

19. On May 19, 2009, one of Ms. Austin's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. Austin was represented by counsel, and directing P&C to cease contacting Ms. Austin, and to cease all further collection activities because Ms. Austin was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit I.

20. Nonetheless, Defendant P&C sent a collection letter, dated July 21, 2009, directly to Ms. Austin demanding payment of the debt at issue. A copy of this letter is attached as Exhibit J.

21.     Accordingly, on September 16, 2009, Ms. Austin's LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit <u>K</u>.

**Mr. Bob Dixon**

22.     Mr. Dixon is a senior citizen with limited assets and income, who fell behind on paying his bills.  One such debt he was unable to pay was a debt he owed originally for a JC Penney credit card.  When Defendant P&C began trying to collect the JC Penney debt from Mr. Dixon, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant P&C's collection actions.

23.     On April 30, 2009, one of Mr. Dixon's attorneys at LASPD wrote to Defendant P&C, informing P&C that Mr. Dixon was represented by counsel, and directing P&C to cease contacting Mr. Dixon, and to cease all further collection activities because Mr. Dixon was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit <u>L</u>.

24.     Nonetheless, Defendant P&C sent a collection letter, dated July 21, 2009, directly to Mr. Dixon, demanding payment of the JC Penney debt.  A copy of this letter is attached as Exhibit <u>M</u>.

25.     Accordingly, on September 16, 2009, Mr. Dixon's LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit <u>N</u>.

**Ms. Anna Gobble**

26.     Ms. Gobble is a senior citizen with limited assets and income, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she owed originally for an HSBC credit card.  When Defendant P&C began trying to collect this debt from Ms. Gobble, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

27.     On August 3, 2009, one of Ms. Gobble's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. Gobble was represented by counsel, and directing P&C to cease contacting Ms. Gobble, and to cease all further collection activities, because Ms. Gobble was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit O.

28.     Nonetheless, Defendant P&C sent a collection letter, dated August 15, 2009, directly to Ms. Gobble, demanding payment of the HSBC debt.  A copy of this letter is attached as Exhibit P.

29.     Accordingly, on September 30, 2009, Ms. Gobble's LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease its collection attempts.  Copies of this letter and fax confirmation are attached as Exhibit Q.

**Ms. Mary Daniel**

30.     Ms. Daniel is a senior citizen with limited assets and income, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she owed

originally to HSBC. When Defendant P&C began trying to collect the HSBC debt from Ms. Daniel, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

      31.    On July 14, 2009, one of Ms. Daniel's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. Daniel was represented by counsel, and directing P&C to cease contacting Ms. Daniel, and to cease all further collection activities because Ms. Daniel was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit R.

      32.    Nonetheless, Defendant P&C sent a collection letter, dated August 15, 2009, directly to Ms. Daniel demanding payment of the debt at issue. A copy of this letter is attached as Exhibit S.

      33.    Accordingly, on September 30, 2009, Ms. Daniel's LASPD attorney had to send Defendant P&C an additional letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit T.

**Ms. Eleonore Jasiorkowski**

      34.    Ms. Jasiorkowski is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a JC Penney credit card. When Defendant P&C began trying to collect the JC Penney debt from Ms. Jasiorkowski, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

35. On August 23, 2009, one of Ms. Jasiorkowski's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. Jasiorkowski was represented by counsel, and directing P&C to cease contacting her, and to cease all further collection activities because Ms. Jasiorkowski was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter, which was faxed on August 24, 2009, and fax confirmation are attached as Exhibit U.

36. Nonetheless, Defendant P&C sent a collection letter, dated October 16, 2009, directly to Ms. Jasiorkowski demanding payment of the debt at issue. A copy of this letter is attached as Exhibit V.

37. Accordingly, on November 10, 2009, Ms. Jasiorkowski's LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit W.

**Ms. Brenda McLeod**

38. Ms. McLeod is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a Target credit card. When Defendant P&C began trying to collect this debt from Ms. McLeod, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

39. On September 25, 2009, one of Ms. McLeod's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. McLeod was represented by counsel, and directing P&C to cease contacting her, and to cease all further collection activities because Ms. McLeod was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit X.

40. Nonetheless, Defendant P&C sent a collection letter, dated September 30, 2009, directly to Ms. McLeod, demanding payment of the Target debt. A copy of this letter is attached as Exhibit Y.

41. Accordingly, on November 9, 2009, Ms. McLeod's LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease its collections. Copies of this letter and fax confirmation are attached as Exhibit Z.

**Ms. Deborah Saravello**

42. Ms. Saravello is a disabled woman with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Target. When Defendant P&C began trying to collect the Target debt from Ms. Saravello, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

43. On September 16, 2009, one of Ms. Saravello's attorneys at LASPD wrote to Defendant P&C, informing P&C that Ms. Savarello was represented by counsel, and directing P&C to cease contacting her, and to cease all further collection activities because Ms. Saravello was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit AA.

44. Nonetheless, Defendant P&C sent a collection letter, dated September 30, 2009, directly to Ms. Saravello demanding payment of the debt at issue. A copy of this letter is attached as Exhibit BB.

45. Accordingly, on November 7, 2009, Ms. Saravello's LASPD attorney had to send Defendant P&C an additional letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit CC.

**Mr. Roger Langlais**

46. Mr. Langlais is a disabled man with limited assets and income, who fell behind on paying his bills, including a debt he owed originally for an HSBC credit card. When Defendant P&C began trying to collect the HSBC debt from Mr. Langlais, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant P&C's collection actions.

47. On August 23, 2009, one of Mr. Langlais' attorneys at LASPD wrote to Defendant P&C, informing P&C that Mr. Langlais was represented by counsel, and directing P&C to cease contacting him, and to cease all further collection activities because Mr. Langlais was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit DD.

48. Nonetheless, Defendant P&C sent a collection letter, dated October 16, 2009, directly to Mr. Langlais, demanding payment of the HSBC debt. A copy of this letter is attached as Exhibit EE.

49. Accordingly, on November 10, 2009, Mr. Langlais' LASPD attorney had to send Defendant P&C another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit FF.

50. Although the collection letters that each of the Plaintiffs received from Defendant Phillips & Cohen, P.C., stated that Portfolio Asset Group was the name of the current creditor, no such entity exists.

51. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

52.　　Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

53.　　Plaintiffs adopt and reallege ¶¶ 1-52.

54.　　Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

55.　　Here, the letters from the Plaintiffs' agent, LASPD, told Defendant P&C to cease communications and to cease collections.  By continuing to communicate regarding these debts and demanding payment, Defendant P&C violated § 1692c(c) of the FDCPA.

56.　　Defendant P&C's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

57.　　Plaintiffs adopt and reallege ¶¶ 1-52.

58.　　Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

59.     Defendant P&C knew that the Plaintiffs were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant P&C to cease directly communicating with them.  By sending a collection letter directly to each of the Plaintiffs, despite being advised that the Plaintiffs were represented by counsel, Defendant P&C violated § 1692c (a)(2) of the FDCPA.

60.     Defendant P&C's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### COUNT III
### Violation Of § 1692e Of The FDCPA --
### Making A False Statement Of The Name Of Creditor

61.     Plaintiffs adopt and reallege ¶¶ 1-52.

62.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

63.     Defendant's violation of § 1692e of the FDCPA, includes, but is not limited to, falsely stating in its collection letters to Plaintiffs that the creditor was Portfolio Asset Group, when, in fact, no such entity exists.

64.     Defendant P&C's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Current Creditor

65.     Plaintiffs adopt and reallege ¶¶ 1-52.

66. Section 1692g of the FDCPA requires that, within 5 days of Defendant P&C's first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

67. Defendant P&C's letters to Plaintiffs failed to state the name of the current creditor because there is no such entity as Portfolio Asset Group and, thus, Defendant has failed to identify the name of the creditor. Therefore, Defendant P&C's form collection letters violate § 1692g(2) of the FDCPA.

68. Defendant P&C's violations of § 1692g(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Jerry DeCarolis, Margaret Fuller, Lola Austin, Bob Dixon, Anna Gobble, Mary Daniel, Eleonore Jasiorkowski, Brenda McLeod, Deborah Saravello, and Roger Langlais, pray that this Court:

1. Find that Defendant P&C's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, and against Defendant P&C, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Jerry DeCarolis, Margaret Fuller, Lola Austin, Bob Dixon, Anna Gobble, Mary Daniel, Eleonore Jasiorkowski, Brenda McLeod, Deborah Saravello, and Roger Langlais, demand trial by jury.

                                          Jerry DeCarolis, Margaret Fuller, Lola Austin, Bob Dixon, Anna Gobble, Mary Daniel, Eleonore Jasiorkowski, Brenda McLeod, Deborah Saravello, and Roger Langlais,

                                          By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated: November 20, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 20, 2009, a copy of the foregoing **AMENDED COMPLAINT** was electronically filed with the District Court. Notice of this filing will be sent to the following parties via U.S. Mail, first class postage pre-paid, before 5:00 p.m. on November 20, 2009.

CT Corporation System, as registered agent
600 S. 2nd Street
Suite 103
Springfield, Illinois 62704

Robert Obringer
Phillips & Cohen Associates, Ltd.
695 Rancocas Road
Westhampton, New Jersey 08060

/s/ David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com